UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04530-SB-MAR | Date: | 8/6/2021 |
|---|---|---|---|

| Title: | *Orlando Garcia v. Shruja Hospitality, Inc.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     [In Chambers] ORDER RE: REMAND

Before the Court is Defendant Shruja Hospitality, Inc.'s response to the order to show cause re: remand. Dkt. No. 19; *see* Dkt. No. 18 (OSC). In the OSC, the Court identified that the notice of removal seemed to wrongly state that the operative complaint included a claim arising under the federal Americans with Disabilities Act (ADA). Rather, it appeared that the complaint alleges only state-law claims and thus does not invoke this Court's subject matter jurisdiction.

Defendant's response does not dispute that there is no federal claim but argues that the complaint's Unruh Civil Rights Act claim—a state claim—presents a federal question because "it does not exist without the alleged violation of federal law and thereby presents substantial federal questions." But even where state-law claims may be "informed by principles of federal ADA jurisprudence," it remains "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims." *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002).

Therefore, the Court hereby **REMANDS** this matter to state court.

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk VPC |
|---|---|---|